UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESTER DUANE MOORE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:16-CV-910
(Criminal Case No. 1:14-CR-196)

HON. GORDON J. QUIST

## **OPINION**

Lester Moore pled guilty to distributing 28 grams or more of cocaine base in April 2015, after entering into a plea agreement the month before. With a few exceptions, Moore's plea agreement waived all rights to appeal or collaterally attack his conviction, sentence, or any related matter. At the plea hearing, Magistrate Judge Carmody questioned Moore regarding his issues with his counsel, and clarified that Moore understood his plea agreement before he pled guilty. (No. 1:14-CR-196, ECF No. 195 at PageID.765-84.)

Pursuant to his plea agreement, Moore offered substantial assistance to the government— and the government filed, and the Court granted, a motion for a downward departure under U.S.S.G. § 5K1.1. The advisory guideline range for Moore's sentence was 188 to 235 months; the Court sentenced Moore to 115 months' incarceration. Moore has now filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging that his attorney was ineffective and, after a proposed amendment to his motion, that he is entitled to relief under Amendment 782 of the Guidelines.[1]

---

[1] This Amendment lowered the Guidelines incarceration range for some drug offenses. However, this Guideline does not affect Moore because he was sentenced as a career offender. Paragraph 10 of the Plea Agreement shows that Moore was informed that he would be sentenced as a career offender.

Moore was represented by three different, experienced lawyers over the course of his case: Britt Cobb, Pete Garthe, and Brian Lennon. Moore's waiver in his plea agreement[2] "effectively foreclosed his right to bring a § 2255 petition based on [] claim[s waived in his plea agreement]. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] claim[s waived in his plea agreement] based on 28 U.S.C. § 2255." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Moore waived the right to collaterally attack his sentence. The transcript of his plea hearing before Magistrate Judge Carmody demonstrates that his waiver was knowing, intelligent, and voluntary. After explaining his waiver and verifying that Moore understood the plea process, Magistrate Judge Carmody asked Moore if he understood his waiver, and Moore said he did; when Magistrate Judge Carmody stated that he looked "kind of puzzled," Moore responded that he was "just listening to [her], that's all." (No. 1:14-CR-196, ECF No. 195 at PageID.780.) Magistrate Judge Carmody provided ample opportunities for Moore to ask questions if he did not understand anything in the plea hearing. Moore did not have questions and stated, under oath, that he understood his rights and the plea agreement. (*Id.* at PageID.779–85.) Accordingly, Moore waived his right to attack his sentence based on an abuse of discretion or his Amendment 782 claim.

In order to establish a constitutional ineffective assistance of counsel claim under 28 U.S.C. § 2255, a movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984). The standard for analyzing ineffective assistance claims is

---

[2] The waiver specifically stated: "In exchange for the substantial concessions given and promises made by the Govenrment in entering this Agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution except [for, among others, ineffective assistance of counsel]." (ECF No. 172 at PageID.479–80.)

"simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (quoting *Strickland*, at 688, 104 S. Ct. at 2065). The Court must presume that the lawyer is competent—the burden is on Moore, therefore, to demonstrate a constitutional violation. *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046 (1984).

Moore claims that his attorneys 1) advised him he would only receive a sentence between 36 and 60 months if he pled guilty; 2) failed to object to the scoring of his drug felony conviction from 1996-1997; and 3) failed to investigate allegations against him.

There is no evidence to support the first claim. Attorney Garthe, in a sworn affidavit, states that he never advised Moore that his sentence could be as little as 36–60 months and stated Attorney Cobb, the attorney he replaced, had prepared "a very detailed, written summary for Mr. Moore of his possible sentencing guidelines showing a possible minimum range of 84–105 months if not a career offender and a possible range of 140–175 months if a career offender." (ECF No. 18-1 at PageID.64–63.) Garthe also states that his own written estimate for Moore produced a range of 151–360 months, and he spoke with Moore "at length" about whether Moore would be considered a career offender. Garthe also states that Cobb, Garthe himself, and Moore's plea agreement "all warned Mr. Moore of the possibility and probability that he would be classified as a career offender and receive many more than 60 months in prison." (*Id.* at PageID.64.) At Moore's plea hearing, Magistrate Judge Carmody stated that a guilty plea would call for a mandatory minimum sentence of not less than five years in prison, but not more than forty years in prison. Moore acknowledged that he understood the sentencing range. (No. 1:14-CR-196, ECF No. 195 at PageID.773–74.)

The second claim likewise is unsupported. Attorney Lennon objected to the initial Presentence Report regarding the alleged relevant conduct in 2012 that linked his offense to the

3

1997 conviction, resulting in the career offender classification. (ECF No. 274 at PageID.1479.) In the sentencing memorandum he filed on behalf of Moore, Lennon acknowledged that the relevant conduct in August 2012 "just barely brings this 1997 conviction within the 15-year time period for the scoring of previous convictions," and stated that Moore "underst[ood] that because of his career offender status, he" faced a longer sentence. (ECF No. 279 at PageID.1616–17.) At sentencing, Lennon noted that "Mr. Moore is not contesting [the 2012] relevant conduct . . . We're not walking away from his criminal history." During allocution, Lennon also requested that the Court consider a sentence "closer to 60 months" with a longer term of supervised release. Moore's counsel stated that Moore did not object to the relevant conduct scoring, but also requested a shorter sentence. The facts presented were sufficient to support the relevant conduct scoring, so an objection would have no merit. Counsel cannot be found to have performed ineffectively by failing to raise issues that have no merit. *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999).

Moore's third and final claim of ineffective assistance of counsel is that his attorneys failed to interview witnesses against him. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. Counsel's actions, either investigating or electing not to, are assessed for reasonableness, with a "heavy measure of deference to counsel's judgments." *Id.* The record shows that Moore's attorneys acted reasonably, particularly when viewing the facts with heavy deference to the attorneys. Much of the evidence presented against Moore derived from a confidential informant—the informant first told law enforcement about Moore and his co-defendants' actions, then helped law enforcement make three controlled purchases of crack cocaine from Moore. (No. 1:14-CR-196, ECF No. 276 at PageID.1531–32.) Moore and his counsel had an opportunity to review the informant's statements and respond to them after the

4

presentence interview. (*Id.* at PageID.1544.) The informant's statements were clear and corroborated, and the government's case against Moore was strong—it was not unreasonable for counsel to choose not to question the informant directly.

Finally, even if had not been waived, Moore's claim for relief under Amendment 782, which lowered the respective offense level typically applicable for Moore's crime, is meritless. Because Moore was sentenced as a career offender, he was subject to a higher base offense level and was therefore not impacted by Amendment 782. *See United States v. Smith*, 814 F.3d 802, 803–04 (6th Cir. 2016) (affirming dismissal of the defendant's § 2255 motion "because Amendment 782 does not have the effect of lowering the Guidelines range applicable to his case"). A sentence reduction, *e.g.*, by Amendment 782, may not apply "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A). For Moore, the other guideline or statutory provision is the career-offender guideline, which "shall apply" where the career-offender offense level "is greater than the offense level otherwise applicable." U.S.S.G. § 4B1.1. Because Moore's offense level under the career-offender guideline was greater than it would have otherwise been, an Amendment 782 claim has no merit.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Moore has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529

U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Moore's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Moore's claims was debatable or wrong. Therefore, the Court will deny Moore a certificate of appealability.

For these reasons, Moore's § 2255 motion (ECF No. 1), motion to amend to include his Amendment 782 claim (ECF No. 3), and his motion to amend/correct (ECF No. 5) will be denied. Because his claims have no merit, his motions to appoint counsel (ECF Nos. 1-1, 20, 21) will also be denied.

A separate order will issue.


Dated: March 26, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE